**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**COURTNEY O. HUNT**     **PLAINTIFF**

**V.**     **NO. 1:09CV004-P-S**

**LEE COUNTY SHERIFF'S DEPARTMENT, et al.**     **DEFENDANTS**

## REPORT AND RECOMMENDATION

On November 2, 2009, the Plaintiff, an inmate currently being housed at the Tupelo Lee County Adult Jail, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under to 42 U.S.C. § 1983.

In his complaint, Hunt attempted to state a failure-to-protect claim. On January 1, 2009, Jeriel Sanders was placed in the cell with the Plaintiff. The Plaintiff said that he and Sanders carried on some casual conversation. The Plaintiff stated that Sanders was agitated because he wanted to be housed elsewhere. When it became apparent that he was not going to be moved, Sanders hit the Plaintiff in the back of the head. The Plaintiff defendant himself. Following the altercation, the Plaintiff was taken to the hospital and received "scans" of his head. He was given only ibuprofen. The Plaintiff did not know Sanders prior to the attack. The Plaintiff is seeking $1 million dollars in damages.

The court notes, however, that the Plaintiff candidly acknowledged that he has not processed his claims through the grievance system. *Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003) (the failure to exhaust a claim is fatal and subject to few exceptions). Finally, the court also notes that the Lee County Sheriff's Department is not a proper party to this civil matter. *See* Fed. R. Civ. P 17(b); *Montgomery v Mississippi*, 498 F. Supp. 2d 892 (S.D. Miss. 2007) (the sheriff's office was not amenable to suit according to Mississippi law, because the plaintiff failed to show it enjoyed an existence separate from the county).

## Failure-to-Protect

"The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). The Fifth Circuit has stated that "the 'deliberate indifference' standard [is] the proper standard to apply in the context of convicted prisoners who claim[] denial of medical care or the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). This standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."*Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

Here, the court finds it is beyond doubt that the Plaintiff has failed to allege the Defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary to state a claim cognizable under § 1983. *Farmer*, 511 U.S. at 826 (citation omitted). The Plaintiff admitted he was surprised the attack and had no reason to fear the inmate. Further, he never complained to officials about any specific threat to his safety. The Defendants clearly had no knowledge that the Plaintiff was at risk for being attacked. Additionally, the Plaintiff's injuries, which were treated with ibuprofen, were *de minimis* and insufficient to substantiate relief under 1983. *See* 42 U.S.C. § 1997e(e)*; Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*). In short, the Plaintiff has failed to state a failure to protect claim.

## Conclusion

Upon review of the complaint in this case and the testimony offered at the *Spears* hearing, it is clear that the Plaintiff does not present the court with an arguably valid legal claim, and as such, it is legally frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Cases brought by a plaintiff proceeding *in forma pauperis* that are based upon indisputably

meritless legal theories are properly dismissed pursuant to 28 U.S.C. § 1915(d). It is the recommendation of the undersigned, therefore, that this case be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(d).

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 6th day of November, 2009.

    /s/ Dave Sanders
    UNITED STATES MAGISTRATE JUDGE